UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

CHARLES LITTON MORRIS,

      Plaintiff,

v.                                                              Case No. 3:17cv692-RV-CJK

STATE OF FLORIDA, ESCAMBIA
COUNTY CIRCUIT COURT,
THOMAS V. DANNHEISSER; and
FLORIDA DEPARTMENT OF
CORRECTIONS,
      89
      Defendants.
_____/

## ORDER and REPORT AND RECOMMENDATION

This matter is before the court on plaintiff's amended complaint filed pursuant to 42 U.S.C. § 1983 (doc. 4). From a review of the amended complaint, it is evident the facts as presented fail to support a viable claim for relief against the defendants. The court will provide plaintiff an opportunity to cure the deficiencies in a second amended complaint.

Plaintiff names 4 defendants in his amended complaint – the State of Florida, Escambia County Circuit Court, Judge Thomas Dannheisser, and the Florida

Department of Corrections ("FDOC").  Plaintiff seeks only injunctive relief, initially to enjoin further alleged "physical abuse at the hands and feet of FDOC officers that petitioner previously suffered," which serves as the basis of another civil rights action plaintiff filed, and release so he can obtain surgery from a private physician to repair an inguinal hernia that allegedly resulted from the prior abuse.[1]  Doc. 4 at p. 18.  On December 5, 2017, plaintiff advised he was transferred to a privately run institution and no longer feared for his safety at the hands of the corrections officers involved in the prior lawsuit but still needs surgery by a private physician.  A few months later, plaintiff advised he was attacked by other inmates and is not safe even in a privately run institution.  Plaintiff requests "a medical downward departure sentence pursuant to § 921.0026(2)(d), Fla. Stat.," "release pending final disposition of petitioner's habeas corpus challenge in Case No. 3:16cv40," or a "shorten[ed] . . .  sentence to county jail with some or no previous credit."[2]  Doc. 4 at p. 14.

Title 28 U.S.C. § 1915A requires the court to review plaintiff's complaint, identify cognizable claims and dismiss the complaint, or any portion thereof, if the complaint "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such

---

[1] Plaintiff purportedly fears having surgery by a doctor affiliated with the FDOC.

[2] Plaintiff also sought transfer to a privately run facility, but that request was rendered moot by his subsequent transfer.

relief." 28 U.S.C. § 1915A(a), (b); *see also* 28 U.S.C. § 1915(e)(2)(B) (applying the same standard to *in forma pauperis* proceedings). The court reads plaintiff's *pro se* allegations in a liberal fashion. *See Haines v. Kerner*, 404 U.S. 519 (1972).

To survive dismissal for failure to state a claim, a complaint "must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotation marks omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* The mere possibility that the defendant acted unlawfully is insufficient to survive dismissal. *Id.*; *see also* 5 C. Wright & A. Miller, Federal Practice and Procedure § 1216, pp. 235-236 (3d ed. 2004) ("[T]he pleading must contain something more . . . than . . . a statement of facts that merely creates a suspicion [of] a legally cognizable right of action"). The complaint must include "[f]actual allegations . . . [sufficient] to raise a right to relief above the speculative level," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007), that is, "across the line from conceivable to plausible." *Id.* at 570. As the Court reiterated in *Iqbal*, although Rule 8 of the Federal Rules of Civil Procedure does not require detailed factual allegations, it does demand "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678.

In order to state a claim under 42 U.S.C. § 1983, plaintiff must allege "some person, acting under color of state law, deprived plaintiff of rights, privileges, or immunities secured by the Constitution and laws of the United States." *Blanton v. Griel Mem'l Psychiatric Hosp.*, 758 F.2d 1540, 1542 (11th Cir. 1985) (internal marks omitted); 42 U.S.C. § 1983.  Here, plaintiff asserts Eighth Amendment violations. The Eighth Amendment forbids punishments that are cruel and unusual in light of contemporary standards of decency.  42 U.S.C. § 1983; *Ford v.* Wainwright, 477 U.S. 399, 405-06 (1986).  The Eighth Amendment's proscription of cruel and unusual punishment mandates that prison officials "provide humane conditions of confinement," ensuring inmates receive adequate food, shelter, clothing, and medical care. *Farmer v. Brennan*, 511 U.S. 825, 832 (1994).  The Eighth Amendment, however, "does not authorize judicial reconsideration of 'every governmental action affecting the interests or well-being of a prisoner.'" *Campbell v. Sikes*, 169 F.3d 1353, 1362 (11th Cir. 1999) (*quoting Whitley v. Albers*, 475 U.S. 312, 319 (1986)).

"The Supreme Court has developed a two-part analysis to govern Eighth Amendment challenges to conditions of confinement." *Chandler v. Crosby*, 379 F.3d 1278, 1289 (11th Cir. 2004). "First, under the 'objective component,' a prisoner must prove that the condition he complains of is sufficiently serious to violate the Eighth Amendment." *Chandler*, 379 F.3d at 1289 (*quoting Hudson v. McMillian*, 503 U.S.

1, 8 (1992)).  "The challenged condition must be 'extreme.'"  *Chandler*, 379 F.3d at

1289 (*quoting Hudson*, 503 U.S. at 9).  "While an inmate 'need not await a tragic

event' before seeking relief, *Helling v. McKinney*, 509 U.S. 25, 33, 113 S.Ct. 2475,

2481, 125 L.Ed.2d 22 (1993), he must at the very least show that a condition of his

confinement 'pose[s] an unreasonable risk of serious damage to his future health' or

safety, id. at 35, 113 S.Ct. at 2481."  *Chandler*, 379 F.3d at 1289.  "Moreover,

> 'the Eighth Amendment requires more than a scientific and
> statistical inquiry into the seriousness of the potential harm
> and the likelihood that such injury to health will actually be
> caused by exposure to [the challenged condition of
> confinement]. It also requires a court to assess whether
> society considers the risk that the prisoner complains of to
> be so grave that it violates contemporary standards of
> decency to expose anyone unwillingly to such a risk. In
> other words, the prisoner must show that the risk of which
> he complains is not one that today's society chooses to
> tolerate.'"

*Chandler*, 379 F.3d at 1289 (*quoting Helling*, 509 U.S. 36).  "The Eighth Amendment

thus guarantees that prisoners will not be 'deprive[d] . . . of the minimal civilized

measure of life's necessities.'"  *Chandler*, 379 F.3d at 1289 (*quoting Rhodes v.

Chapman*, 452 U.S. 337, 347 (1981)).

  "Second, the prisoner must show that the defendant prison officials 'acted with

a sufficiently culpable state of mind' with regard to the condition at issue."  *Chandler*,

379 F.3d at 1289 (*quoting Hudson*, 503 U.S. at 8).  "The proper standard is that of

deliberate indifference." *Chandler*, 379 F.3d at 1289. "Negligence does not suffice to satisfy this standard, but a prisoner need not show that the prison official acted with "'the very purpose of causing harm or with knowledge that harm [would] result,'*Farmer v. Brennan*, 511 U.S. 825, 835, 114 S.Ct. 1970, 1978, 128 L.Ed.2d 811 (1994)." *Chandler*, 379 F.3d at 1289 (internal citation omitted). "In defining the deliberate indifference standard, the *Farmer* Court stated:

> '[A] prison official cannot be found liable under the Eighth Amendment for denying an inmate humane conditions of confinement unless the official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference.'"

*Chandler*, 379 F.3d at 1289-90 (*quoting Farmer*, 511 U.S. at 837).

In order to obtain a preliminary injunction, plaintiff must show (1) a substantial likelihood of success on the merits of his Eighth Amendment claims; (2) irreparable injury unless the injunction issues; (3) the threatened injury outweighs whatever damage the proposed injunction may cause the defendants; and (4) if issued, the injunction will not be adverse to the public interest. *See Am. Civil Liberties Union of Fla., Inc. v. Miami-Dade Cnty. Sch. Bd.*, 557 F.3d 1177, 1198 (11th Cir. 2009). Because a preliminary injunction is an extraordinary and drastic remedy, the court

may issue an injunction only if plaintiff clearly satisfies the burden of persuasion as to each of the four factors. *Id.* "Failure to show any of the four factors is fatal." *Id.*

Plaintiff has wholly failed to demonstrate a substantial likelihood of success on the merits of his claims or that he faces a real and immediate threat of future harm in the event an injunction does not issue. First, plaintiff's claim regarding abuse by fellow inmates is not properly before the court, as it is not incorporated in plaintiff's amended complaint and, in any event, occurred subsequent to, and wholly apart from, the allegations set forth therein. In addition, neither the State of Florida, the FDOC, nor the Escambia County Circuit Court is a "person" subject to suit under § 1983. *See, e.g., Will v. Michigan Dep't of State Police*, 491 U.S. 58, 64-71 (1989); *Rolle v. Raysor*, No. 407-cv-285, 2007 WL 2698316, at *2 (N.D. Fla. Sept. 12, 2007); *Moity v. La. State Bar Ass'n*, 414 F. Supp. 180, 182 (D.C. La. 1976) (holding that the Supreme Court of Louisiana was not a legal entity subject to suit under § 1983), *aff'd*, 537 F.2d 1141 (5th Cir. 1976).

Moreover, the State of Florida and FDOC are entitled to Eleventh Amendment immunity. Indeed, it is well settled that absent waiver or express congressional abrogation, neither of which is present in this case, the Eleventh Amendment prohibits a suit brought by a private individual against a state in federal court. *Fed. Mar. Comm'n v. S.C. State Ports Auth.,* 122 S. Ct. 1864, 15 Fla. L. Wkly. Fed. S305

(2002); *Kentucky v. Graham*, 473 U.S. 159, 167 n.14 (1985); *Gamble v. Fla. Dep't of Health and Rehabilitative Servs.*, 779 F.2d 1509, 1511 (11th Cir. 1986). Eleventh Amendment immunity extends also to state agents and state instrumentalities, *Regents of the Univ. of Cal. v. Doe*, 519 U.S. 425, 429 (1997), and arms of the state as well as state officials. *Mt. Healthy City Sch. Dist. Bd. Of Educ. v. Doyle*, 429 U.S. 274, 280 (1977); *Schopler v. Bliss*, 903 F.2d 1373, 1378 (11th Cir. 1990) (noting "the Eleventh Amendment extends to state agencies and other arms of the state"); *Will*, 491 U.S. at 71 (holding that a suit against a department of a state "is no different from a suit against the State itself"). The FDOC is an agency of the State. *See, e.g., Henry–Evans ex rel. Henry v. Fla. Dep't. of Corr.*, No. 6:06CV199ORL31DAB, 2006 WL 1517139, at *1 n.2 (M.D. Fla. May 24, 2006) ("There is no question . . . that the DOC is an agency of the State of Florida."); *Walden v. Fla. Dep't of Corr.*, 975 F. Supp. 1330, 1331 (N.D. Fla. 1996) (recognizing the FDOC as "a state agency that is clearly the equivalent of the State of Florida for Eleventh Amendment purposes").

Plaintiff's claims against Judge Dannheisser are barred by the language of § 1983 itself, which provides that "injunctive relief shall not be granted against a judicial officer for an act or omission taken in such officer's judicial capacity . . . unless a declaratory decree was violated or declaratory relief was unavailable," neither of which plaintiff alleges. Plaintiff's claims against Judge Dannheisser also

are barred by the *Rooker-Feldman* doctrine, which prohibits "lower federal courts .

. . from exercising appellate jurisdiction over final state-court judgments." *Nicholson*

*v. Shafe*, 558 F.3d 1266, 1268 (11th Cir. 2009) (quotation omitted). In *Exxon Mobil*

*Corp. v. Saudi Basic Indus. Corp.*, 125 S.Ct. 1517, 1521-22 (2005), the Supreme

Court cautioned against broadly construing *Rooker-Feldman* and held the doctrine

should be confined only to "cases brought by state-court losers complaining of

injuries caused by state-court judgments rendered before the district court

proceedings commenced and inviting district court review and rejection of those

judgments." *Rooker-Feldman*'s reach extends to federal claims raised by the

state-court loser that are deemed to be "inextricably intertwined" with the state court

judgment, such as (1) where the success of the federal claim would "effectively

nullify" the state court judgment; and (2) where the federal claim "succeeds only to

the extent that the state court wrongly decided the issues." *Casale v. Tillman*, 558

F.3d 1258, 1260 (11th Cir. 2009) (quotation omitted).

Plaintiff's claims against Judge Dannheisser plainly are inextricably

intertwined with the state court judgment imposing sentence upon him. As the

Eleventh Circuit observed in *Hollins v. Wessel*, 819 F.2d 1073, 1074 (11th Cir. 1987),

"[w]hat [plaintiff] seeks is review by the federal court of the final determination made

in a state judicial proceeding." *Id.* "Under the circumstances of this case, the federal

district court lack[s] jurisdiction over such an action." *Id.* "The jurisdiction possessed by district courts is strictly original, *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 416, 44 S.Ct. 149, 150, 68 L.Ed. 362 (1923), and review of final judgments of a state court in judicial proceedings is reserved to the Supreme Court of the United States pursuant to 28 U.S.C. § 1257." *Id.* (*citing District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 476 (1983)). Even if plaintiff's claims against Judge Dannheisser were not barred, plaintiff has alleged insufficient facts under which Judge Dannheisser could be held liable for plaintiff's failure to receive medical care from a private physician. Because amendment would be futile, plaintiff's claims against Judge Dannheisser should be summarily dismissed.

Finally, plaintiff has failed to allege immediate and irreparable harm. Instead, the harm plaintiff alleges is remote and speculative. *See Siegel v. LePore*, 234 F.3d 1162, 1176-77 (11th Cir. 2000) (emphasizing "the asserted irreparable injury 'must be neither remote nor speculative, but actual and imminent'" (*quoting Northeastern Fla. Chapter of the Ass'n of Gen. Contractors v. City of Jacksonville*, 896 F.2d 1283, 1285 (11th Cir. 1990)); *Church v. City of Huntsville*, 30 F.3d 1332, 1337 (11th Cir. 1994) (stating that to obtain injunctive relief, a plaintiff must show "a real and immediate – as opposed to a merely conjectural or hypothetical – threat of future injury"). Injunctive relief thus is inappropriate.

Plaintiff should carefully review the foregoing to determine whether he can present allegations sufficient to state a cause of action for a constitutional violation and obtain the relief he seeks against the State of Florida, Escambia County Circuit Court, and the FDOC. If plaintiff does not have a good-faith belief he can state an actionable claim, he should file with the court a notice of voluntary dismissal in order to avoid a dismissal under 28 U.S.C. § 1915(e)(2)(B), which would count as a "strike."[3] If plaintiff chooses to proceed with this action, he must completely fill out a new civil rights complaint form, marking it "**Second Amended Complaint.**" In the section entitled "Statement of Claims," plaintiff must state what rights under the Constitution or laws of the United States have been violated, and he must provide support in the statement of facts for the claimed violations. The second amended complaint must contain all of plaintiff's allegations, because once an amended complaint is filed all earlier complaints are disregarded. N.D. Fla. Loc. R. 15.1.

Accordingly, it is ORDERED:

1.    The clerk shall forward to plaintiff a civil rights complaint form for use in actions under 42 U.S.C. § 1983. This case number should be written on the form.

---

[3] A prisoner who has had three or more cases or appeals dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, cannot proceed *in forma pauperis*, unless he is under imminent danger of serious physical injury. 28 U.S.C. § 1915(g).

2.     Within **thirty (30) days** from the date of this order, plaintiff shall file either a notice of voluntary dismissal or a second amended civil rights complaint. If plaintiff files a second amended complaint, it must be typed or clearly written and submitted on court form as instructed above.

3.     Plaintiff's failure to comply with this order as instructed will result in a recommendation that this case be dismissed.

And it is respectfully RECOMMENDED:

1.     Plaintiff claims against Judge Dannheisser be DISMISSED without prejudice.

DONE AND ORDERED this 6th day of June, 2018.

/s/ *Charles J. Kahn, Jr.*
**CHARLES J. KAHN, JR.**
**UNITED STATES MAGISTRATE JUDGE**

## NOTICE TO THE PARTIES

**Objections to these proposed findings and recommendations may be filed within fourteen (14) days after being served a copy thereof.  Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.  A copy of objections shall be served upon the magistrate judge and all other parties.  A party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions.  *See* U.S. Ct. of App. 11th Cir. Rule 3-1; 28 U.S.C. § 636.**